Filed 10/10/13  P. v. Gaston CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHAREE GASTON,<br><br>    Defendant and Appellant. | B245854<br><br>(Los Angeles County<br>Super. Ct. No. NA090315) |

APPEAL from a judgment of the Superior Court of Los Angeles County. James Pierce, Judge.  Affirmed.

Penners Bergen and Ann Bergen, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Appellant Charee Gaston appeals from a judgment of conviction after a jury found him guilty on count one of second degree robbery. Counts two and three were dismissed. Appellant had suffered four prior prison convictions. The trial court sentenced appellant to seven years in state prison, awarded presentence conduct credits, and imposed fees and fines. His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues. We notified appellant he could file a supplemental brief within 30 days of the date his counsel filed the *Wende* brief. Appellant has not filed a supplemental brief. We affirm.

## STATEMENT OF FACTS

While victim Romero was sitting in his truck at a 76 gas station he was approached by appellant who offered to sell him a laptop. Romero refused stating he could not afford one. Appellant then asked Romero for some change. Romero gave him some pennies and nickels. Appellant said that was not enough and told Romero, "you better give me your money. If you don't give me money, I'm going to shoot you." At that point Romero felt scared. He thought he was going to get killed. He thought appellant was on drugs and not thinking right by the way he was moving.

Appellant then told Romero to get out of his vehicle, go inside the gas station and get money out of the ATM. As Romero was going into the gas station he told appellant he had money to give him. He gave appellant $120. Appellant took the money and left.

Victim Romero identified appellant at trial.

## DISCUSSION

We appointed counsel to represent appellant on this appeal. After review of the record, appellant's counsel filed an opening brief requesting this court review the record independently pursuant to *Wende, supra,* 25 Cal.3d at page 441. We have examined the entire record and are satisfied that no arguable issues exist. Moreover, we are fully satisfied that appellant's counsel has fulfilled her responsibilities under *Wende.* (*Wende, supra,* 25 Cal.3d at p. 441).

2

## DISPOSITION

The judgment is affirmed.

FLIER, J.

WE CONCUR:

RUBIN, Acting P. J.

GRIMES, J.